AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.  4:19 CR 166 CDP (NAB) |
| RASHEME BRIDGES | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
**(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☒ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☒ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States

- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☒ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

**OTHER REASONS OR FURTHER EXPLANATION:**

   At the detention hearing, the parties elected to proceed by proffer and offered no objections to the factual background information set forth in the Pretrial Services Report dated 4/18/2019.  The undersigned adopts and incorporates by reference herein the facts set out in that Report.  The parties proffered additional information which the undersigned has considered.  Pretrial Services recommends pretrial detention.
   The government relied on the facts that resulted in the instant charge, noting that Defendant poses a serious flight risk.  The government noted that Defendant admitted to cutting of a GPS monitoring device while he was on pretrial release in a State matter and actively avoiding apprehension.
   Defendant proffered that he cut off his GPS about a year ago because he felt he was innocent and being harassed.  Defendant's attorney offered several reasons why Defendant's circumstances have changed since that time and Defendant does not now pose any flight risk or danger.  Defendant is very young—he is currently 19 years old.  Defendant represented that he is an aspiring hip hop artist and was recently signed as a recording artist with the record label Cinematic Music.  The CEO of Cinematic Music reportedly continues to support Defendant and would like to help steer him in the right direction.  Defendant reportedly is expecting to release a recording in July 2019.  Defendant contends that he does not face a lengthy term of imprisonment in this case if convicted and the City charges are likely to result in no more than probation.  Defendant suggested that his substance abuse is minor because it involves only marijuana.  Defendant would address his active warrant in Vinita Park (Defendant contends he did not know of this warrant prior to the Bail Report).  If required, the CEO of the record label would post funds to secure Defendant's release.

<div align="center">** CONTINUED ON ATTACHED SHEET(s) **</div>

<div align="center">

**Part IV - Directions Regarding Detention**

</div>

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:     4/24/2019                              /s/ John M. Bodenhausen
<div align="right" style="text-align:center">UNITED STATES MAGISTRATE JUDGE</div>

**OTHER REASONS OR FURTHER EXPLANATION:** (continued)

Based on the record before the Court, the undersigned concludes that the government has met its burden of proof.  There is no condition, or combination of conditions, that would reasonably ensure Defendant's appearance as well as the safety of the community.

In August 2017, Defendant was charged in the City of St. Louis with felony resisting arrest.  He was released on bond in September 2017 and by March 2018, there was a warrant issued for failure to appear.  After Defendant appeared, the warrant was canceled, but another warrant was issued in April 2018 for failure to appear.  In January 2018, while on bond in the felony resisting case, Defendant was charged in the City of St. Louis with felony tampering, several felony drug charges, and a felony weapons charge.  Defendant was released on bond but that bond was later revoked.  At some point, Defendant was placed on GPS monitoring and he cut the GPS off.

According to information in the Pretrial Services Report, and as reflected in the criminal complaint that was filed before the Indictment in this matter, on March 16, 2018, another warrant was issued for Defendant's arrest on charges of Assault 1st Degree, Robbery 1st Degree, and Armed Criminal Action.  At this time Defendant was at large and the investigators seeking to arrest Defendant monitored his Facebook account.  Defendant's account had posts from sources showing that he was aware he was wanted and his whereabouts were unknown.  Investigators eventually determined that Defendant's account was being accessed from various locations out-of-state.  Defendant was eventually apprehended in June 2018 on Washington Avenue.  At the time, he was armed with a loaded .40 caliber semi-automatic pistol.  Remarkably, Defendant was again released on bond.

Defendant was charged by complaint in February 2019.  On March 14, 2019, Defendant was apprehended in the Northern District of Ohio and returned to this District in April 2019.

Although Defendant is young, he has demonstrated a strong disrespect for official authority.  Defendant has had numerous opportunities in the last year or so to show he can comply with modest conditions of release but he has performed quite poorly and demonstrated a pattern of poor judgment.  There is no reason to believe that his behavior would improve while on federal pretrial release.

The government's motion for pretrial detention is granted.